UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROY J. MEIDINGER,

       Petitioner,

v.                                        Case No:  2:15-mc-8-FtM-38DNF

COMMISSIONER OF INTERNAL
REVENUE,

       Defendant.
_____/

## ORDER[1]

This matter comes before the Court on *pro se* Petitioner Roy J. Meidinger's Petition for Injunctive Relief Sought (Doc. #1) filed on June 17, 2015.  Petition brings this whistleblower action as a miscellaneous case.  For the following reasons, the Court will deny Petitioner's petition for injunctive relief.

## BACKGROUND

On September 3, 2009, Petitioner filed a Form 211, Application for Award for Original Information, with the Internal Revenue Service ("IRS")'s Whistleblower Office, providing information about alleged improper tax practices of an organization.  (Id. at 4). The IRS acknowledged Petitioner's filing and styled his case as Claim Number 2010-000785.  (Id. at 5).  On February 3, 2011, Petitioner expanded his whistleblower claim to include information related to additional taxpayers.  (Id.).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

In a letter dated June 11, 2012, Robert Gardner, the Program Manager for the Whistleblower Office, informed Petitioner that the information he provided did not result in the collection of any proceeds, and therefore, he was not eligible for an award under [section 7623 of the Internal Revenue Code](). ([Doc. #1-2 at 2]()).

On June 29, 2012, Petitioner appealed the Whistleblower Office's decision to the United States Tax Court, which was captioned as *Meidinger v. Commissioner of Internal Revenue*, Docket No. 016513-12W (T.C. June 29, 2012). ([Doc. #1 at 7]()). The petition included allegations that the Commissioner abused his discretion in denying Petitioner an award and that the Commissioner failed to explain adequately why he did not conduct investigations based on Petitioner's information.

On January 4, 2013, the Commissioner filed a motion for summary judgment, asserting that Petitioner was not entitled to an award under [section 7623(b)]() because the Commissioner did not initiate an administrative or judicial action or collect any taxes in this case. On January 16, 2013, Petitioner, appearing *pro se*, moved for leave to file an amended petition. On February 7, 2013, and July 1, 2013, Petitioner also filed a motion for summary judgment and supplement thereto, respectively.

On August 30, 2013, the Tax Court granted the Commissioner's motion for summary judgment. It found, because the Commissioner did not proceed with an administrative or judicial action based on Petitioner's information and, in turn, did not collect any proceeds, Petitioner was not entitled to a whistleblower award. The Tax Court also stated that it may not order the Commissioner to proceed with a whistleblower investigation. Because of that finding, the Tax Court also denied Petitioner's motion for leave to file an amended petition and motion for summary judgment.

Two weeks later, Petitioner appealed the Tax Court's decision to the United States Court of Appeals for the Eleventh Circuit. On May 13, 2014, the Eleventh Circuit affirmed the Tax Court. Before the Eleventh Circuit issued its decision, Petitioner filed two additional Form 211s with the Whistleblower Office, which he admits were an extension of his original claim. Specifically, Petitioner filed a second Form 211 "with additional violators and a new time frame for more violations to the original taxpayers listed in the original claim 2010-000985 and incorporate[d] all previous documents" on October 26, 2013. ([Doc. #1 at 9](#)). Petitioner's second claim was styled as Claim Number 2014-002027. ([Id. at 10](#)). However, in a letter dated February 20, 2014, Lynne Heinrich, Program Manager for the Whistleblower Office dismissed his claim. The letter stated, in pertinent part, that

> we found this was a re-submission of information previously provided to the Secretary. As you stated on the Form 211 and in the attachments this same information was previously considered as Claim 2010-00785. We erroneously assigned claim number 2014-002027 to this information. Therefore, we have closed the erroneous claim number and associated the correspondence with the original claim 2010-000785.
>
> Our office rejected your application for an award based on this same information by letter dated June 11, 2012. The United States Tax Court, granting the government summary judgment, upheld the determination that you are not eligible for an award under the IRC 7623 related to your claim.

([Doc. #1-3 at 2](#)).

In an apparent theme, Petitioner filed a third IRS Form 211 to the Whistleblower Office on June 14, 2014, which the IRS styled as Claim Number 2014-012381. ([Doc. #1 at 10](#)). Petitioner's third Form 211 was a resubmission of information he previously provided in the original claim. ([Doc. #1-4](#)). As a result, Ms. Heinrich sent Petitioner a letter dated February 20, 2014, explaining the Whistleblower Office issued him a claim

number in error and that it was closing the claim since the office had rejected his application for an award on June 11, 2012 based on the same information. (Doc. #1-4).

Petitioner now brings this miscellaneous case against the Commissioner of Internal Revenue for injunctive relief. (Doc. #1). According to Petitioner, the issue presented is "whether or not a Writ of Mandamus must be issued by this Court against the IRS in order to compel the agency to conform with the mandate of the IRS Code to conduct an administrative investigation on the tax payers identified by the Petitioner through the 211 forms submitted; to order the IRS to open the Petitioner's claim which were illegitimately dismissed, and to order the IRS to determine tax assessments based on the accrual method of accounting." (Id.).

## DISCUSSION

Upon careful review and consideration of Petitioner's Petition for Injunctive Relief, the Court denies the relief requested and dismisses this matter. Despite Petitioner's reading of 28 U.S.C. §§ 1361, 1331, this Court lacks authority to interfere with the IRS' whistleblower program.

Section 7623 of the Internal Revenue Code governs the payment of awards to whistleblowers. 26 U.S.C. § 7623 (2006). This section created a whistleblower program and the Whistleblower Office within the IRS to administer the award program. A claimant may submit information under § 7623(a) or (b) on an IRS Form 211, Application for Award for Original Information. *See* Claims Submitted to the IRS Whistleblower Office Under Section 7623, 2008-1 C.B. 253 (2007). Upon receiving information from a claimant, the Whistleblower Office makes a final decision regarding a claim under § 7623(b) and will communicate its decision, in writing, to the claimant. *See id.* A claimant does not need

to file a Form 211 before providing information to the IRS to qualify for an award. *See Whistleblower 21276-13W v. C.I.R.*, No. 21276-13W, 2015 WL 3465660 (T.C. June 2, 2015). The Whistleblower Office may award a claimant at least 15 percent, but not more than 30 percent, of the collected proceeds or from settlement with the taxpayer. *See* 26 U.S.C. § 7623(b)(1). The claimant may appeal the Whistleblower Office's final administrative decision to the United States Tax Court within thirty days. *See* 26 U.S.C. § 7623(b)(4). As Petitioner knows, the claimant may appeal the United States Tax Court's decision to the applicable United States Circuit Court of Appeals, not the district court. *See* 26 U.S.C. § 7482(a); *Ware v. C.I.R.*, 499 F. App'x 957 (11th Cir. 2012) (Court of Appeals reviews Tax Court's application of the Internal Revenue Code *de novo* and its finding of facts for clear error).

Applying the foregoing principles, the Court finds it is without jurisdiction to issue the requested injunctive relief. The Whistleblower Office's Program rejected Petitioner's second and third IRS Form 211. (Doc. #1-3; Doc. #1-4). Both rejections stipulated the Tax Court's affirmation of summary judgment in favor of the Government and expressed Petitioner's ineligibility for an award pursuant to § 7623. (Doc. #1-3; Doc. #1-4). To the extent Petitioner wishes to appeal the Whistleblower Office's final determinations on his second and third IRS Form 211, he must first exhaust his administrative remedies for those decisions and appeal to the United States Tax Court and, if necessary, the Eleventh Circuit. *See* 26 U.S.C. § 7623(b)(4); 26 U.S.C. § 7482(a). Petitioner cannot circumvent such administrative steps and come to this Court to achieve his desired relief. In addition, Petitioner appears to be doing nothing more than seeking another avenue to obtain a

whistleblower award after his previously failed attempts. In conclusion, this Court is without authority to do as Petitioner requests in this case.

Accordingly, it is now

**ORDERED:**

(1) Petitioner Roy J. Meidinger's Petition for Injunctive Relief Sought ([Doc. #1](Doc. #1)) is

**DENIED**.

(2) The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of July, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record