UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROY J. MEIDINGER,

       Petitioner,

v.                                     Case No:  2:15-mc-8-FtM-38DNF

COMMISSIONER OF INTERNAL
REVENUE,

       Defendant.

_____/

**<u>ORDER</u>**[1]

    This matter is before the Court on *pro se* Petitioner Roy J. Meidinger's Motion for Reconsideration of Denial Petition and Re-Opening of Motion for Injunctive Relief (Doc. #7) filed on August 7, 2015, and Motion for Adding Addendum to Petition for Injunctive Relief (Doc. #8) filed on September 9, 2015.

    On June 17, 2015, Petitioner filed a miscellaneous case against the Commissioner of Internal Revenue for injunctive relief. (Doc. #1). Petitioner sought this Court to compel the agency to "conform with the mandate of the IRS Code to conduct an administrative investigation on the tax payers identified by the Petitioner . . .; to order the IRS to open the Petitioner's claim which were illegitimately dismissed, and to order the IRS to determine tax assessments based on the accrual method of accounting." (Doc. #1 at 11). The Court, however, dismissed the matter because it lacks authority to interfere with the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Internal Revenue Service's ("IRS") whistleblower program.  (Doc. #3).  The Court advised Petitioner that if he wished to appeal the IRS Whistleblower Office's final determinations on his IRS Form 211, he must first exhaust his administrative remedies for those decisions and appeal to the United States Tax Court and, if necessary, the Eleventh Circuit.  *See* 26 U.S.C. § 7623(b)(4); 26 U.S.C. § 7482(a).  The Court explained that Petitioner cannot circumvent such administrative steps and come to this Court to achieve his desired relief.

It is well-settled that a court has considerable discretion in deciding whether to grant a motion for reconsideration.  *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006); *Deutsche Bank Nat'l Trust Co. v. Holyfield*, No. 8:08-cv-1101, 2008 WL 2557591, at *1 (M.D. Fla. June 20, 2008).  In exercising this discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts.  The former typically prevails, as reconsideration of an order is an extraordinarily remedy that is used sparingly.  *See Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).  "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).  Courts have recognized three grounds to justify reconsideration of a prior order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice.  *See McCreary v. Brevard Cnty., Fla.*, No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010).  "A motion to reconsider is not a vehicle for rehashing arguments the Court has already

rejected or for attempting to refute the basis for the Court's earlier decision." *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012) (citation omitted); *see also Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (explaining that Rule 59(e) is not used to re-litigate old matters).  "A motion to reconsider should raise new issues, not merely redress issues previously litigated." *PaineWebber Income Props. Three Ltd. P'Ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03-cv-2378, 2005 WL 1053691, at *11 (M.D. Fla. Mar. 30, 2005) (stating "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the Court's reasoning"). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Here, Petitioner has not demonstrated any ground to justify the Court reconsidering its prior order.  He has shown neither an intervening change in controlling law nor new evidence that has become available.  He similarly fails to show how reconsideration is necessary to correct a clear error or prevent manifest injustice. Instead, Plaintiff uses this motion to re-litigate issues the Court already considered and rejected.  *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (stating that court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure").  In sum, this Court continues to be without authority to do as Petitioner requests in this case.[2]

---

[2] The Court reminds Petitioner that he is prohibited from sending correspondence directly to the undersigned at the Chambers' inbox.  Except for proceedings in open court, all communication with the undersigned must be in writing and filed with the clerk's office.

Accordingly, it is now

**ORDERED:**

(1) Petitioner Roy J. Meidinger's Motion for Reconsideration of Denial Petition and Re-Opening of Motion for Injunctive Relief (Doc. #7) is **DENIED**.

(2) Petitioner's Motion for Adding Addendum to Petition for Injunctive Relief (Doc. #8) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record